STATE OF LOUISIANA, Plaintiff-Appellee,
IN THE INTEREST OF J.N.R., L.D.H., and S.L.H.
No. 45,294-JAC.
Court of Appeals of Louisiana, Second Circuit.
March 3, 2010.
Not Designated for Publication
ANGELA G. WALTMAN, Counsel for Appellants, Parents of the children.
AUDIE L. JONES, Department of Social Services, Counsel for Plaintiff, Appellee.
STEVEN R. THOMAS, RICHARD Z. JOHNSON, District Attorney. ANNA GARCIE, MICHAEL DANIEL, Assistant District Attorneys, Counsel for the Children.
Before BROWN, STEWART, and PEATROSS, JJ.
BROWN, Chief Judge.
Defendants, the parents of three girls, a nine-year-old, a two-year-old, and a four-month-old infant, have appealed from a September 21, 2009, judgment terminating their parental rights. We affirm.

Factual Background
On June 25, 2008, the Department of Social Services, Office of Community Services ("DSS"), received information that J. (D.O.B 02/15/00), L. (D.O.B 01/12/07), and S. (D.O.B 05/09/08), (as well as two other children who are not the subject of the instant appeal), were living in a two-bedroom, single-wide mobile home with their parents, a grandmother, and two uncles. Both uncles have criminal records and one is a registered sex offender. The sex offender's convictions are for forcible rape and indecent behavior with a juvenile (he was originally charged with molestation of children living in the same residence). The children were taken into protective custody by the DSS on June 27, 2008.
The DSS continued its investigation. Several hearings were held, and the children were adjudicated as Children in Need of Care on October 17, 2008. The goal for the parents, both of whom have criminal histories and current/past drug abuse problems, was initially guardianship/reunification. However, after several months of noncompliance, the goal was changed to adoption, and a Termination of Parental Rights petition was filed on May 7, 2009, by the DSS. By judgment signed on September 21, 2009, parental rights were terminated. The father's parental rights were terminated only as to the four-month-old daughter as DNA testing established that he was not the biological father or legal father of the other two girls.[1] It is from this judgment that the parents have appealed.

Discussion
In its petition for termination filed on May 7, 2009, the DSS sought termination of appellants' parental rights based upon, but not limited to, La. Ch.C. art. 1015(3)(k). In the judgment of termination, the parental rights of appellants were terminated based upon, but not limited to, the ground set forth in La. Ch.C. art. 1015(3)(k). This provision states:
The grounds for termination of parental rights are:
...
(k) The parent's parental rights to one or more of the child's siblings have been terminated due to neglect or abuse and prior attempts to rehabilitate the parent have been unsuccessful. Emphasis added.
On appeal, the parents contend that the trial court erred in finding that the DSS proved by clear and convincing evidence that there exists no reasonable expectation of reformation in the foreseeable future for them and that there has been no substantial compliance with their case plan.
Although there are seven statutory grounds for involuntary termination of parental rights set forth in La. Ch.C. art. 1015, only one ground need be established. State ex rel. SNW v. Mitchell, 01-2128 (La. 11/28/01), 800 So. 2d 809; State in the Interest of J.W.M., 44,513 (La. App. 2d Cir. 06/24/09), 15 So. 3d 1218; State ex rel. B.H. v. A.H., 42,864 (La. App. 2d Cir. 10/24/07), 968 So. 2d 881. The applicable burden of proof which must be carried by the DSS in order to terminate parental rights is by clear and convincing evidence. La. Ch.C. art. 1035(A).
The issue of parental compliance with a case plan, the parents' expected success of rehabilitation or reformation, and the expectation of significant improvement in the parents' condition and conduct are questions of fact which will not be set aside in the absence of manifest error. State in the Interest of J.W.M., supra; State in the Interest of S.C.M., 43,441 (La. App. 2d Cir. 06/04/08), 986 So. 2d 875.
This mother and father had three other children (for a total of nine children between the two parents). In 2006, the court granted a judgment to terminate their parental rights as to these three children. In fact, the reasons outlined in 2004 for termination of parental rights as to these first three children were the same as those given for termination in the present case; in particular, that these children were significantly neglected, and removed from the small trailer they were living in with, among others, the father's brothers, a convicted drug offender and a registered sex offender. The previous termination of parental rights was based, inter alia, upon the parents' lack of compliance with their case plans and a finding of no reasonable expectation of significant improvement in the parents' condition or conduct in the near future (La. Ch.C. art. 1015(5)).
Our review of the record reveals no manifest error in the trial court's factual determinations in this matter. There was testimony by Jennifer McCann, the DSS social worker, that the first two case plans called for guardianship and reunification, but that both parents failed to comply with the requirements of the case plans. As an example, Ms. McCann testified that the father mentioned during several of the supervised visitations that although the case plan called for no contact whatsoever with his brothers, he had continued contact with them. Because both brothers had valid histories of sexual abuse, she was extremely concerned for the children. Ms. McCann also noted inappropriate behavior on the part of the mother during several visitations with the children. Ms. McCann further testified that prior attempts to rehabilitate the parents have been unsuccessful.
The records of two psychologists who saw the parents after the instant removal and petition for termination were introduced into evidence. According to Dr. John Simoneaux, while the father has shown "nominal improvement" by marrying the mother, (allegedly) finding a place to live, and attending counseling, the mother has shown no significant improvement whatsoever. He noted that the mother is moody, hostile, paranoid, and emotionally inappropriate at times. According to Dr. Simoneaux, therapy would not be very helpful because of the severity of the mother's problems. He also expressed concerns because the mother minimized the danger of having her children in the presence of known sex offenders. Dr. Simoneaux further opined that the parents are not on the same page regarding the proper rearing of the children, nor do they have a consistent approach to parenting. Dr. Simoneaux saw "a lot of red flags" which concerned him about the parents' abilities to care for their children, specifically their refusal to accept or acknowledge the danger they exposed their children to by moving into the same residence as a convicted sex offender.
While both parents attended counseling sessions and visitations with their children and expressed their desires that their parental rights not be terminated, the record contains little evidence that either parent has significantly changed his or her behavior significantly or taken significant steps to achieve the goal of getting their children back. We are disturbed by the parents' failure and/or unwillingness to recognize the potential harm they exposed their children to by associating with and living in the same home (even if on a temporary basis) as the father's brothers, notwithstanding the fact that this very behavior was what caused three other children to be removed from them. We cannot say that the trial court's decision to terminate defendants' parental rights in this case was clearly wrong or manifestly erroneous.

Conclusion
For the reasons set forth above, the judgment of the trial court terminating the parental rights is affirmed.
NOTES
[1] The alleged biological and unknown father's fathers rights were also terminated.